Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5366 | **DATE** | September 20, 2010 |
| **CASE TITLE** | Sean Bagato (#2009-0034422) v. Correctional Officer Wilburn, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $3.33 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The Court dismisses the complaint on file without prejudice. Plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The Clerk is directed to provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**　　　　　　　　　　　　　　　　　　　　　　　　**Docketing to mail notices.**

## STATEMENT

　　　　Plaintiff, pre-trial detainee at the Cook County Jail, has submitted his complaint, alleging violations of 42 U.S.C. § 1983. Plaintiff claims that the 11 Defendants including Correctional Officer Wilburn, Correctional Officer Martaree, Correctional Officer Patton, two Correctional Officers Hand (brothers), Dr. Ledvora, Dr. Patel, an unnamed Supervisor of Division 9, two unnamed psychological workers and the Director of Cermak Health Services have violated Plaintiff's constitutional rights by being deliberate indifferent to multiple, unrelated serious medical conditions, subjecting him to unconstitutional conditions of confinement, and for being deliberately indifferent to a substantial risk of serious harm.

　　　　Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $3.33. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.
**(CONTINUED)**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　AWL

| STATEMENT (continued) |
|---|

However, summonses shall not issue at this time as Plaintiff's complaint is unacceptable. Plaintiff must submit an amended complaint. Plaintiff's complaint does not satisfy the "short and plain statement" of Fed. R. Civ. P. 8(a). More importantly, Plaintiff has misjoined claims and defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a similar prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has submitted a complaint that contains unrelated claims against different Defendants.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated defendants cannot stand. *Id.* at 606.

Plaintiff makes four distinct claims, some against common defendants, and some against others. Plaintiff must choose one of the four: deliberate indifference to a substantial risk of serious harm, relating to his safety and security, deliberate indifference to serious medical need (either mental health or physical), or conditions of confinement. Plaintiff may only pursue multiple types of claims to the extent that they involve a common Defendant. Otherwise, they must be brought as separate suits. So, Plaintiff must decide upon one central core claim to pursue against the common individuals alleged to have violated his rights.

For the foregoing reasons, Plaintiff's amended complaint is dismissed without prejudice. Plaintiff must choose a single, core claim to pursue under this case number. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits.

Plaintiff is granted 30 days to submit a second amended complaint on the Court's required form. Plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the Court, Plaintiff must provide an extra copy for the judge; he must also submit a service copy for each Defendant named in the second amended complaint.** Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all Defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. Plaintiff is advised to keep a copy for his files. The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days of the date of this order, the case will be summarily dismissed. However, Plaintiff will still be responsible for paying the filing fee.

Dated: September 20, 2010     Enter: /s/David H. Coar, U.S. District Judge