Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5366 | **DATE** | December 8, 2010 |
| **CASE TITLE** | Sean Bagato (B-57477) vs. Correctional Officer Wilburn, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff is given leave to file his amended complaint. [6] Pursuant to Rule 15(a), the Clerk shall add a second defendant Hand as a defendant and terminate Dr. Unknown Psychological Worker, Dr. Ledvora, Dr. Patel and Medical Director as defendants without prejudice. Plaintiff may proceed with his claims against the terminated defendants in a separate action. The clerk is directed to issue summonses for service on the defendants Wilburn, Martaree, Patton, Hand and Hand by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [ For further details see text below.]

Docketing to mail notices.

# STATEMENT

Pro Se Plaintiff Sean Bagato brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants Cook County Correctional Officers Wilburn, Martaree, Patton, Hand and Hand violated his constitutional rights. (Dkt. No. 6). (Plaintiff names two correctional officers Hand explaining that they are brothers). This Court previously granted plaintiff leave to proceed *in forma pauperis* but dismissed his first complaint with leave to file an amended complaint pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). (Dkt. No. 4). Plaintiff's present amended complaint satisfies *George* and the screening requirements of 28 U.S.C. § 1915A, and so he is given leave to file his amended complaint and proceed in this action.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the amended complaint. Plaintiff alleges that in November 2009, the Cook County Jail received computers that allowed correctional officers to access personal information about the jail's detainees. (Dkt. No. 6 at 5). The correctional officers defendants determined that plaintiff was charged with sexual offenses. (*Id*.). They disclosed this information to other detainees including various gangs at the jail and allowed those other inmates to harass and physically attack plaintiff. (*Id*. at 5-6). The defendant correctional officers did not protect plaintiff from the attacks. (*Id*.). Plaintiff sues the correctional officers in their individual capacities for monetary relief. The constitution is violated when a prison official fails to protect an inmate from harm when the official "effectively condones the attack by allowing it to happen." *Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) (citations omitted).

Plaintiff has stated a claim against defendants Wilburn, Martaree, Patton, Hand and Hand. The clerk is instructed to add an additional defendant correctional officer Hand as a defendant in this action. Defendants Dr. Unknown Psychological Worker, Dr. Ledvora, Dr. Patel and Medical Director are dismissed from this action without prejudice pursuant to Rule 15(a) because they are not named as defendants in

| STATEMENT |
|---|

plaintiff's present amended complaint. Plaintiff may proceed in his claims against those defendants in a separate action if he so chooses.

    The United States Marshals Service is appointed to serve defendants Wilburn, Martaree, Patton, Hand and Hand. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendants. With respect to former correctional employees who no longer can be found at the work address provided by plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

    Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

    In summary, plaintiff is given leave to file his amended complaint. (Dkt. No. 6). Pursuant to Rule 15(a), the Clerk shall add a second defendant Hand as a defendant and terminate Dr. Unknown Psychological Worker, Dr. Ledvora, Dr. Patel and Medical Director as defendants without prejudice. Plaintiff may proceed with his claims against the terminated defendants in a separate action. The clerk is directed to issue summonses for service on the defendants Wilburn, Martaree, Patton, Hand and Hand by the U.S. Marshal. The clerk is further directed to send the plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.